**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Buchanan, et al., | No. CV-12-637-PHX-SMM |
| Plaintiffs, | |
| vs. | **MEMORANDUM OF DECISION AND ORDER** |
| Deutsche Bank Trust Co., et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 23.) In support, Defendants filed their Separate Statement of Facts. (Doc. 24.) Plaintiffs filed their response in opposition to summary judgment, but did not file a controverting separate statement of facts. (Doc. 32.) Defendants replied in support of their motion. (Doc. 33.) Defendants further moved to preclude the testimony of Plaintiffs' expert, William McCaffrey. (Doc. 25.) Plaintiffs did not file a response in opposition. Subsequently, Defendants' moved for summary adjudication on their motion to preclude the expert testimony of William McCaffrey. (Doc. 30). The Court will grant Defendants' motion for summary judgment and deny as moot Defendants' other motions.

## BACKGROUND

<u>Plaintiffs' Failure to File Controverting Statement of Facts</u>

Defendants request that the Court accept their separate statement of facts in support of their motion for summary judgment as undisputed because Plaintiffs did not controvert any of their facts. (Doc. 33.) The Court agrees. When, as here, a motion for summary

1 judgment is made and supported as required, the party opposing summary judgment must set
2 forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  In
3 addition, the District's Local Rules provide that a party opposing a motion for summary
4 judgment must:

> [F]ile a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). Here, Plaintiffs failed to comply with LRCiv 56.1(b). Therefore, the Court deems each paragraph of Defendants' separate statement of facts to be undisputed pursuant to LRCiv 56.1(b).

Undisputed Facts

On or about June 5, 2007, Plaintiffs obtained a loan in the amount of $1,000,000 (the "Loan") for the purchase of real property located at 5329 E. Shangri La Road, Scottsdale, Arizona, 85254 (the "Property"). (Doc. 24 at 1.) In connection with the Loan, Plaintiff Angela Buchanan executed an Initial Interest Adjustable Rate Note (the "Note"). (Doc. 24 at 2.) Plaintiff Evan Buchanan did not execute the Note because only Angela Buchanan's income was considered by the lender in connection with Plaintiffs obtaining the Loan. (Id.) In addition, Plaintiffs executed a Deed of Trust (the "Deed") that pledged the Property as security for repayment of the Loan. (Id.) Plaza Home Mortgage is identified as the original lender on the Note. (Id.) Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as the original beneficiary under the Deed. (Id.) The Note expressly states: "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Id.) Subsequent to the execution of the Note and Deed, GMAC Mortgage, LLC ("GMAC") became the servicer of the Loan. (Id.)

The Deed expressly provides:

- 2 -

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

(Doc. 24 at 3.) The Deed further provides: "Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." (Id.) In addition, the Deed expressly grants the Trustee the power to notice a trustee's sale and to conduct a properly noticed sale. (Id.)

In 2010, Plaintiffs had difficulties making their monthly Loan payment. (Id.) On March 25, 2010, Angela Buchanan entered into a temporary Repayment Agreement with GMAC (the "Repayment Agreement"). (Doc. 24 at 2-3.) On July 1, 2010, Angela Buchanan entered into a permanent Interest Only Step Rate Loan Modification Agreement with GMAC (the "Modification Agreement"). (Doc. 24 at 3.)

As a result of continued nonpayment, Plaintiffs defaulted on the Loan on October 1, 2010, and have been in default ever since. (Id.) A trustee's sale was properly noticed, and Plaintiffs received a copy of the Notice of Trustee's Sale. (Doc. 24 at 4.) On November 30, 2011, the Property was sold at a trustee's sale for $624,750 to Defendant Deutsche Bank. (Id.) Despite Plaintiffs' non-payment of the Loan since October 2010, and the purchase of the Property at a trustee's sale by Deutsche Bank on November 30, 2011, Evan Buchanan continues to reside at the Property, having failed and refused to vacate. (Id.)

Plaintiffs' Complaint

Plaintiffs filed their Complaint *pro se*, and then subsequently obtained counsel who conducted discovery and responded to Defendants' motion for summary judgment. (Doc. 1-1, Doc. 12.) Plaintiffs' Complaint alleges wrongful foreclosure, invalid trustee's sale, material misstatements in the trustee's deed that was recorded, failed loan modification processes, and that GMAC misrepresented itself as having authority to change the terms of their loan despite

1  not having such authority.[1] (Doc. 1-1 at 2-10.) In their prayer for relief, Plaintiffs seek an
2  order voiding the trustee's sale, estopping Defendants from claiming title to the premises,
3  expunging allegedly invalid documents at the Maricopa County Recorder's Office, and
4  awarding punitive damages and further equitable relief. (Id.)

**STANDARD OF REVIEW**

6  A court must grant summary judgment if the pleadings and supporting documents,
7  viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine
8  dispute as to any material fact and the movant is entitled to judgment as a matter of law."
9  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v.
10 Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines
11 which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also
12 Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit
13 under the governing law will properly preclude the entry of summary judgment." Anderson,
14 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that
15 a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d
16 at 1130.

17 A principal purpose of summary judgment is "to isolate and dispose of factually
18 unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against
19 a party who "fails to make a showing sufficient to establish the existence of an element
20 essential to that party's case, and on which that party will bear the burden of proof at trial."
21 Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The
22 moving party need not disprove matters on which the opponent has the burden of proof at
23 trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not
24 produce evidence "in a form that would be admissible at trial in order to avoid summary

---

26 [1] In their Complaint, Plaintiffs do not designate any specific claims or causes of action but instead include paragraphs grouped together under various headings, such as "Misrepresentation/Material Breach by GMAC/Violation of Pooling & Servicing Agreement," "Violation of A.R.S. 47 § 3301 'Persons Entitled to Enforce Instrument,'" "False Recordations," and "Request for Injunctive Relief." (Doc. 1-1.)

- 4 -

judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

Defendants' Motion for Summary Judgment

Based on undisputed facts, Defendants move for summary judgment. (Doc. 23.) Defendants contend that this case presents precisely the type of circumstances that "mandate" the entry of summary judgment because Plaintiffs have utterly failed to set forth any evidence that establishes a genuine need for a trial on any purported claim. See Celotex, 477 U.S. at 322. Defendants further contend that Plaintiffs fail to establish any plausible reason why they should be permitted to retain possession of the property after it has been sold at a trustee's sale. (Doc. 33 at 1-2.) The Court agrees.

Based on Defendants' motion for summary judgment and supporting statement of facts, the undisputed facts show that in 2007 Plaintiffs obtained a loan in the amount of $1,000,000 for the purchase of the Property. Plaintiffs failed to make their October 2010 Loan payment and are in default on their Loan for non-payment. Plaintiffs have been in default since October 2010, not having made a Loan payment since September 2010. Plaintiffs properly received notice of the trustee's sale of the Property and the Property was sold at a trustee's sale on November 30, 2011. Plaintiff Evan Buchanan has refused to vacate the Property and Plaintiffs have retained the Property payment-free since October 2010.

The Court finds that Plaintiffs' response largely consists of irrelevant and nonsensical arguments. (See Doc. 32.)

First, Plaintiffs' challenge the trustee sale. (Doc. 32 at 6-8.) They allege that in the event of a default under a Note secured by a deed of trust, the beneficiary may not initiate a trustee's sale pursuant to the deed of trust without the authority to enforce the corresponding Note. (Id.) In support, Plaintiffs argue that the beneficiary, Defendant Deutsche Bank, initiated the trustee's sale, and that the loan servicer GMAC did not have the legal right to commence the sale. (Id.)

These unsupported and irrelevant arguments are insufficient to defeat Defendants' motion. (Id.) The Court finds that these arguments are without merit for several reasons. First, it is undisputed that Plaintiffs received a copy of the Notice of Trustee's Sale in the mail pursuant to A.R.S. § 33-809. Therefore, as a matter of law, Plaintiffs waived any right to object to the trustee's sale of the Property because they did not seek injunctive relief with regard to the sale prior to the sale. See A.R.S. § 33–811(C) ("The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33–809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to Rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. Mountain Standard Time on the last business day before the scheduled date of the sale.") Second, Defendant Deutsche Bank did not initiate the trustee's sale; the sale was initiated by Executive Trustee Services, a non-party in this action. (Doc. 23 at 5.)

Moreover, Plaintiffs' challenge to the trustee sale is founded on the discredited "show me the note theory" that has been repeatedly rejected by this Court as well as the Arizona Supreme Court. In Hogan v. Washington Mutual Bank, N.A., the Arizona Supreme Court held that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure" and Arizona's trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure. 230 Ariz. 584, 585-86, 277 P.3d 781, 782-83 (2012). See, e.g., Geddes v. HSBC Bank USA, No. CV 12-0667-PHX-FJM, 2012 WL 1977277, *1 (D. Ariz. 2012) (observing that in Hogan the Arizona Supreme Court confirmed what had long been the holding of the United States District Court for the District of Arizona and the Arizona Court of Appeals).

Finally, at the trustee's sale, Executive Trustee Services was not seeking to collect on a note, and thus, it was not required to demonstrate its authority to do so under A.R.S. § 47–3301 of Arizona's Uniform Commercial Code ("UCC"). Rather, Executive Trustee Services noticed the sale pursuant to the Deed. The UCC does not govern liens on real

- 6 -

1   property. See Rodney v. Arizona Bank, 172 Ariz. 221, 224–25, 836 P.2d 434, 437–38 (App.
2   1992). The deed of trust statutes do not require compliance with the UCC before a trustee
3   commences a non-judicial foreclosure. See, e.g., In re Krohn, 203 Ariz. 205, 208, 52 P.3d
4   774, 777 (2002) ("[D]eed of trust sales are conducted on a contract theory under the power
5   of sale authority of the trustee.").

6   Next, regarding Plaintiffs' wrongful foreclosure assertions, Arizona courts have not
7   recognized a cause of action for wrongful foreclosure. See Cervantes v. Countrywide Home
8   Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011).  Even in states that recognize a claim for
9   wrongful foreclosure, such claims typically are available after foreclosure and premised
10  either on allegations that the borrower was not in default, or on procedural issues that
11  resulted in damages to the borrower. Id.  Such allegations are not present here.  Further, the
12  wrongful foreclosure claim as alleged in the Complaint relies on the discredited "show the
13  note" theory.

14  Next, regarding Plaintiffs' misrepresentation claim, they allege that Defendants
15  misrepresented that they are the "holder and owner" of the Note and failed to disclose certain
16  information about the securitization of the loan.  Plaintiffs offer no evidence in support of
17  this claim, failing entirely to identify any statements that were false in fact and by which
18  Defendant they were made.  Moreover, this claim too relies substantively on the discredited
19  "show the note" theory.

20  Finally, with regard to Plaintiffs' allegations that GMAC breached the terms of the
21  Modification Agreement, the undisputed facts are that in an attempt to work with Plaintiffs
22  and allow them to bring themselves current on the Loan and remain living at the Property,
23  GMAC entered into a temporary Repayment Agreement with Angela Buchanan on March
24  25, 2010.  Subsequently, GMAC and Angela Buchanan entered into a permanent Interest
25  Only Step Rate Loan Modification Agreement dated July 1, 2010.  The only reason the
26  Modification Agreement is no longer in place is because Plaintiffs failed to make their
27  October 2010 loan payment.  (Doc. 33 at 10-11.)

28  Therefore, the Court finds that Plaintiffs fail to present evidence of a genuine issue

of material fact for trial, and the Court will thus grant Defendants' motion for summary judgment.

## CONCLUSION

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED GRANTING** Defendants' motion for summary judgment. (Doc. 23.) The Clerk of Court is instructed to enter judgment in Defendants' favor and to terminate this case.

**IT IS FURTHER ORDERED DENYING** as moot, Defendants' motion to preclude expert testimony of William McCaffrey (Doc. 25) and Defendants' motion for summary adjudication of its motion to preclude expert testimony of William McCaffrey[2] (Doc. 30).

DATED this 27th day of September, 2013.

*[signature]*

Stephen M. McNamee
Senior United States District Judge

---

[2] Defendants request reimbursement of McCaffrey's witness fee that he charged to Defendants at his deposition. (Doc. 25.) LRCiv 54 governs the procedures for prevailing parties filing a bill of costs; it is not appropriately addressed at this time.